IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UTILITY WORKERS UNITED ASSOC-IATION, LOCAL 537, an unincorporated association, by Nicholas Letta, Its Trustee ad litem | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No.   2:20-CV-846 |
| PENNSYLVANIA AMERICAN WATER COMPANY, A Corporation, | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

AND NOW, comes the Plaintiff, Utility Workers United Association, Local 537, an unincorporated association, by Nicholas Letta, its Trustee ad litem, by and through its attorneys, Samuel J. Pasquarelli, Esquire and Sherrard, German & Kelly, P.C. and file this Complaint against Pennsylvania American Water Company, a corporation, averring in support thereof the following:

### I. INTRODUCTION

1.  This is a proceeding seeking damages, an injunction and declaratory relief against the Defendant, and all other available relief under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, *et seq*.

1

## II. JURISDICTION AND VENUE

2. Jurisdiction in this matter is proper under 29 U.S.C. § 185.

## PARTIES

3. Plaintiff, Utility Workers United Association, Local 537, an unincorporated association, is an unincorporated association with its office in Washington County, Pennsylvania. It conducts business in Washington County, Allegheny County and other Pennsylvania counties in the Western District of Pennsylvania. At all times relevant to this matter, Nicholas Letta was and is an official of the Association and is its Trustee ad litem in this matter. The Association is a labor organization which represents employees for the purpose of collective bargaining over wages, hours and other terms and conditions of employment.

4. The Defendant Pennsylvania American Water Company ("PAWC") is a corporate entity maintaining a place of business at 500 Noblestown Road, Carnegie, Allegheny County, Pennsylvania. PAWC conducts business throughout the Western District of Pennsylvania.

5. At all times material to this action, the Association and its predecessor labor organizations were certified by the National Labor Relations Board as the exclusive collective bargaining representatives for the clerical, production and maintenance employees of PAWC's Pittsburgh, Pennsylvania District unit relative to wages, hours and other terms and conditions of employment.

6. The Association is the successor to a former labor organization known as the Utility Workers Union of America, AFL-CIO, System Local 537 ("the Predecessor Union"). The Predecessor Union is an unincorporated association. It is a labor organization that engages in the

2

business of negotiating with employers regarding wages, hours and other terms and conditions of employment.

## FACTS

7. On August 14, 2014, the Predecessor Union and PAWC entered into a collective bargaining agreement setting forth the wages, hours and other terms and conditions of employment applicable to the clerical, maintenance and production employees of PAWC's Pittsburgh District. Said agreement was for a term beginning on August 14, 2014 and expiring on May 17, 2018. A true copy of that agreement is attached hereto as Exhibit A-1. Said agreement was extended for a period of one year so that it expired on May 17, 2019. See Exhibit A-2, attached hereto. Exhibits A-1 and A-2 are collectively known as the Pittsburgh Collective Bargaining Agreement ("Pittsburgh CBA").

8. During the year 2018, the Plaintiff succeeded the Predecessor Union as the exclusive collective bargaining representative for the Defendant's Pittsburgh District employees.

9. Ever since the Plaintiff succeeded the Predecessor Union as the exclusive collective bargaining representative for the Defendant's Pittsburgh District employees, the Plaintiff and the Defendant have honored the terms of the Pittsburgh CBA as the expression of the terms and conditions of employment applicable to the Defendant's Pittsburgh District employees who are represented for collective bargaining purposes by the Plaintiff.

10. The Pittsburgh CBA expired by its terms on May 17, 2019 and the parties have yet to agree upon a successor collective bargaining agreement to the Pittsburgh CBA.

11. Notwithstanding that the parties have failed to agree upon a collective bargaining agreement to cover the Defendant's Pittsburgh District employees, the terms of the Pittsburgh

CBA establish and set forth the terms and conditions of employment applicable at all times to said employees as part of the status quo to which the parties are bound.

12. The terms and conditions of employment set forth in the Pittsburgh CBA provide that only PAWC employees represented for collective bargaining may install service lines on certain pipelines, such as existing or replacement main lines, or pipelines that have previously had water introduced into them. (See Ex. A-1, Sec. 15-VIII, pp. 22-23).

13. On or about December 10, 2019, the Plaintiff observed a situation where an individual not employed by PAWC installed a service line or lines on a pipe that was an existing or replacement main lines and/or was a pipeline that had previously had water introduced into it, which the Plaintiff believed was a violation of the terms and conditions of employment embodied in the Pittsburgh CBA.

14. Pursuant to the practice agreed upon between the parties, the parties agreed that when a situation arose which the Plaintiff felt was a violation of the existing terms and conditions of employment binding on the parties, representatives of the Plaintiff and representatives of the Defendant would orally discuss the situation in an attempt to resolve it, failing which the Plaintiff was then free to file a grievance pursuant to Section 3 of the Pittsburgh CBA.

15. By February 3, 2020, the parties were not able to resolve the dispute described in Paragraph 13 of this complaint, and the Plaintiff filed its Grievance 5123 relative to that dispute. Grievance 5123 is attached hereto as Exhibit B.

16. The terms and conditions of employment binding upon the parties relevant to the resolution of grievances between them provide that the parties shall first attempt to resolve grievances by informal discussion and then by the filing of a written grievance followed by meetings to discuss a resolution of the grievance.

17. The parties engaged in the process described in the immediately preceding paragraph of this complaint, but they were not successful in resolving the dispute between them.

18. As a result of the violation of the terms and conditions of employment existent between the parties as described in Exhibit B, attached hereto, a number of the Defendant's employees who are represented for collective bargaining purposes by the Plaintiff have been denied work opportunity and have thus lost wages and other benefits because they were not called upon to perform the work described in Exhibit B that was performed by others.

19. The Pittsburgh CBA provides for final and binding arbitration if any dispute at issue between the parties cannot be resolved by mutual agreement.

20. The Defendant contends that if a collective bargaining agreement is not in effect between an employer and the exclusive collective bargaining agent for the employees of that employer, or if an agreement that was in effect has expired, the employer is not bound to engage in final and binding arbitration unless it consents to do so.

21. The Defendant is not willing to consent to final and binding arbitration proceedings as described in the Pittsburgh CBA to resolve Grievance 5123.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests your Honorable Court to do the following:

   a. Enter a judgment in favor of the Plaintiff and against the Defendant, finding that the Defendant violated the terms and conditions of employment between those of its employees represented for purposes of collective bargaining by the Plaintiff and the Defendant on December 10, 2019 by failing to have the word done as described in Exhibit A-1 and Exhibit B hereof, and

   b. Award monetary damages to each of the Defendant's employees who should have performed the work described in Exhibit B hereof, and

    c. Provide to the Plaintiff and its members any and all other relief to which your Honorable Court determines that they are justly entitled to.

;

        Respectfully submitted,

        SHERRARD, GERMAN & KELLY, P.C.

        /s/ Samuel J. Pasquarelli
        Samuel J. Pasquarelli, Esquire
        PA ID #00906
        535 Smithfield Street
        Suite 300
        Pittsburgh, PA  15222
        (412) 355-0200
        sjp@sgkpc.com
        Attorneys for Plaintiff